IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                                             No.  04-40158-01-SAC

SERGIO MARTINEZ-TAPIA,

           Defendant.

MEMORANDUM AND ORDER

On February 2, 2005, the defendant pleaded guilty to possession of a firearm by an illegal alien in exchange for the government's agreement, *inter alia*, to dismiss the other count, to recommend a sentence at the low end of the guideline range, to not file an upward departure request, and to recommend the maximum adjustment for acceptance of responsibility. The presentence report ("PSR") recommends a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) for the defendant committing this offense after two prior felony convictions of crimes of violence or controlled substances offenses. The PSR calculates a total offense level of 21 after accounting for the acceptance of responsibility adjustment and a criminal history category of four for a guideline range of 57 to 71 months. The addendum to the PSR discusses the defendant's one unresolved objection to the

recommended base offense level, and the defendant has filed a sentencing memorandum in support (Dk. 14).

The defendant does not dispute that he has a prior 1996 felony conviction in California for assault with a deadly weapon and a prior 1999 felony conviction in California for escape from jail.  He objects to the application of U.S.S.G. § 2K2.1(a)(2) arguing that the latter offense was committed in a manner that does not meet the definition of a "crime of violence."  The defendant asserts he was convicted of felony escape for walking away from a minimum security work camp to see his family.  He surrendered to law enforcement just eight hours later after he realized error in his decision.  The defendant denies that his escape offense placed anyone in danger.

The definition for "crime of violence" in U.S.S.G. § 2K2.1(a)(2) is borrowed from U.S.S.G. § 4B1.2(a) and its application notes.  U.S.S.G. § 2K2.1, comment. (n. 1).  A crime of violence includes "conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2).  In determining whether a prior conviction meets the definition of a crime of violence, the Supreme Court has instructed sentencing courts to take "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  *Taylor v. United States*, 495

U.S. 575, 600 (1990); *see United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004).  The Tenth Circuit has "'held categorically that an escape always constitutes conduct that presents a serious potential risk of physical injury to another.'"  *United States v. Turner*, 285 F.3d 909, 915-16 (10th Cir.) (quoting *United States v. Springfield*, 196 F.3d 1180, 1185 (10th Cir. 1999), *cert. denied*, 529 U.S. 1029 (2000)), *cert. denied*, 537 U.S. 895 (2002); *see also United States v. Brown*, 314 F.3d 1216, 1223 (10th Cir.), *cert. denied*, 537 U.S. 1223 (2003).  The Court in *Springfield* held that a state "conviction for a nonviolent, walk-away escape constituted a 'crime of violence' under the Guidelines because 'escape is always a violent crime.'"  *United States v. Brown*, 314 F.3d at 1223 (quoting *Springfield*, 196 F.3d at 1185).  "Even though initial circumstances of an escape may be non-violent, there is no way to predict what an escapee will do when encounterd by the anuthories.  Every escape is a 'powder keg, which may or may not explode into violence.'"  *United States v. Turner*, 285 F.3d at 916 (quoting *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994)).  Circuit precedent on this issue is controlling and categorically precludes an attempt to characterize the defendant's particular escape offense as something other than a "crime of violence."

        The criminal complaint filed in the California court charged the

defendant with attempt to escape and escape in violation of California's Penal Code § 4532(a)(1) which classifies the offense as a felony "punishable by imprisonment in the state prison for a determinate term of one year and one day, or in a county jail not exceeding one year." There is no question that this statutory offense meets the definition of a "felony conviction," that is "an offense punishable by . . . imprisonment for a term exceeding one year." U.S.S.G. § 2K2.1 com. (n. 1). That the state court chose to punish the defendant by incarceration for a shorter term in county jail is of no consequence in applying this definition of "felony conviction."

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 18th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge